## Armour Packing Co. v. Hans N. Sjogren.

1. ATTACHMENT—*Trial of Right of Property.*—The statute provides that when personal property is taken on execution or attachment issued by a justice of the peace, and such property is claimed by a person other than the defendant therein, and such claimant shall give notice in writing to the constable, of his claim to such property, the constable shall notify the plaintiff in such writ, or his agent or attorney, of such claim, and shall also notify such plaintiff and the claimant before what justice and at what time and place a trial of the right of such property will be had.

2. SAME—*Where Trial of Right of Property Shall, Be Had.*—The trial of the right of property in such cases shall be before the justice of the peace who issued such writ, if he reside in the county, or if he shall be unable to attend such trial, before some other justice of the peace in such county, or before some justice of the peace in the county where the levy was made, in case the writ was issued from another county.

3. SAME—*Mortgagee a Claimant.*—The mortgagee is a claimant of the property within the terms of the statute and has an undoubted right to institute this form of proceeding.

Attachment.—Appeal from the Circuit Court of Rock Island County; the Hon. FRANK D. RAMSAY, Judge presiding. Heard in this court at the April term, 1902. Affirmed. Opinion filed July 18, 1902.

WOOD & PEEK, attorneys for appellant.

PETER R. INGELSON, attorney for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

November 20, 1900, the Armour Packing Company sued out a writ of attachment before a justice of the peace of Rock Island county against Charles B. Freeberg and seized certain personal property in controversy in this suit. November 13, 1900, Freeberg executed a chattel mortgage upon the same property to the appellee, Hans N. Sjogren. While the property was held upon the attachment writ Sjogren instituted proceedings before the said justice for a trial of right of property. The trial resulted in favor of the Armour Packing Company. Sjogren appealed the case to the Circuit Court where a trial by jury resulted in a verdict in his favor and after a motion for a new trial was

overruled a judgment was entered releasing the property from the levy of attachment by the Armour Packing Company. Appeal is prosecuted to this court to reverse the judgment of the Circuit Court.

It is urged that the statute providing for this summary trial of right of property was not intended for the benefit of a mortgagee. This question was not raised on the trial in the Circuit Court. Its only possible suggestion was the objection to the introduction of the chattel mortgage in evidence. This was not sufficient to raise the question of jurisdiction. Moreover the overruling of the motion for a new trial is not assigned for error. Again, under the provisions of the chattel mortgage the seizure of the goods on the attachment writ authorized the mortgagee to declare the debt due and take possession of the property. The statute provides:

" When personal property is taken on execution or attachment issued by a justice of the peace, and such property is claimed by a person other than the defendant therein, and such claimant shall give notice in writing to the constable, of his claim to such property, the constable shall notify the plaintiff in such writ, or his agent or attorney, of such claim, and shall also notify such plaintiff and the claimant before what justice and at what time and place a trial of the right of such property will be had.

The trial of the right of property in such cases shall be before the justice of the peace who issued such writ, if he reside in the county, or if he should be unable to attend such trial, before some other justice of the peace in such county, or before some justice of the peace in the county where the levy is made, in case the writ was issued from another county.

The justice shall enter such cases on his docket, and the trial shall be had therein in the same manner as in other trials before justices of the peace. A change of venue may be taken as in other cases.

In case the property shall appear to belong to the claimant, judgment shall be entered against the plaintiff in the execution or attachment for costs, and the property levied upon shall be released."

The statute is clear. There can be no question of construction. The mortgagee was a claimant of the property

within the terms of the statute and had an undoubted right to institute this form of proceeding.

If the appellant is left in a more unfortunate situation than it would have been had replevin been instituted instead of the form of procedure adopted, its remedy is legislative, not judicial.

It is urged this is not a judicial proceeding and the judgment binds no one. That question is not presented by this record. The statute authorizes this appeal and the only question before us is whether the judgment of the Circuit Court shall be reversed or affirmed. If the parties shall undertake to act in disregard of this proceeding the question may then arise whether this is a judicial proceeding which binds the parties.

It is argued that the note secured by the chattel mortgage was without consideration and fraudulent, and that the mortgage was executed to hinder, defraud and delay creditors. There is a sharp conflict in the evidence on this question of fact. There is proof tending to establish facts which are badges of fraud and other proof denying the existence of such facts. We would not, however, be warranted in disturbing the conclusions of facts reached by the jury and approved by the trial judge. They saw the witnesses and had superior opportunities of determining their credibility. Moreover, the overruling of the motion for a new trial is not assigned for error.

There is no error in the giving, refusing or modifying of instructions or in the admission or rejection of testimony. The record being free from error the judgment of the Circuit Court will be affirmed.